NicholsoN, C. J.,
delivered the opinion of the Court.
Atkinson being indebted to Sarah A. Smith in the sum of about $1,300, she filed her attachment bill against him as an absconding debtor, and had the attachment levied on a stock of goods in the hands of ~W. T. Tinkle. Atkinson and Tinkle were made defendants. The former failed to answer, and the bill was taken for confessed. Tinkle answered and claimed that he was in possession of the goods as a pledge to secure several notes held by him against Smith & Toombs, who had sold the goods to Atkinson. The notes so held on Smith & Toombs amounted to $929. The proof shows that the invoice price of the stock of goods sold by Smith & Toombs to Atkinson, amounted to about $2,300, and that the notes held by Tinkle on Smith & Toombs, were given for a portion of the same stock of goods sold by Tinkle to Smith & Toombs. The depositions of Smith & Toombs were taken, they prove that they sold the goods to Atkinson; the contract was, that Atkinson was to pay for the goods in different installments, but the Tinkle debt he was to pay down in cash. That when the trade was made, the goods were delivered to Tinkle & Atkinson. Their understanding was that Tinkle was to *627 hold the goods until his debt was paid, and that Tinkle was in possession of the goods until they 'were attached, a period of about two months, as stated by Smith, and about thirty days or oyer as stated by Toombs. The proof shows that from the .date of the trade until the goods were attached, about one-half of them were sold out, and that a portion, amounting to about $300, was sold on a credit, and that Tinkle had attached these claims as debts due to Atkinson. The money received on the sales of the goods, was received by Atkinson. 'When the goods were attached, their invoice price was about $1,280. It is in proof that Tinkle still holds the notes of Smith & Toombs. Defendant Tinkle took the deposition of ~W. G-. Crunk, *who proved that he heard Atkinson say, in the presence of Smith & Toombs, that the goods were sold to him, Atkinson, with the understanding that he, Atkinson, was to pay Tinkle what was due him from Smith & Toombs. It was the understanding of witness that Atkinson then had the goods in possession. From this reference to the evidence, we think it clear that the goods were sold by Smith' & Toombs to Atkinson, and that the title passed to Atkinson. But as part payment of the goods, Atkinson was to pay the notes owing to Tinkle by Smith & Toombs, and to insure this result, Tinkle was to have joint possession of the goods with Atkinson. No title was retained in Smith & Toombs, nor was any vested in Tinkle. The title of the goods was in Atkinson, but he was to pay out of *628 tbe sales or otherwise, these notes due to Tinkle'. This transaction lacks two essential ingredients of a pledge or pawn: — first, Smith & Toombs reserved no title to the goods, the whole title was communicated to Atkinson; and. next, the possession of the goods was not given to Tinkle: Story on Bail-ments, §§ 287 and 297. The most that was done was to give him a joint possession together with Atkinson; but it is clear that he had no dominion or control over the goods. Atkinson sold and received the proceeds, or charged the sales on the books, and kept the accounts in his own name. Tinkle seems to have spent a portion of his time in the store, and to have sold goods to customers, but we see no evidence that he claimed or exercised any control in the business. ITe received none of the money for which goods were sold, although it appears that goods to the amount of $1,000 or $1,200 were sold, and although his debts were to be paid out of the sales. It is clear, therefore, that Tinkle can not set up his rights as a pledgee.
The transaction was nothing more than a private agreement of Atkinson, that he would pay the debt due to Tinkle by Smith & Toombs. This agreement amounting to a verbal mortgage, had no validity as against the creditors of Atkinson.
It follows that complainant obtained a prior lien on the goods by. the levy of her attachment. The Chancellor so held, and we affirm his decree with costs.